JOHN S. LEONARDO
United States Attorney
District of Arizona
JAMES T. LACEY
KIMBERLY E. HOPKINS
Assistant United States Attorney
Evo A. Deconcini United States Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
kimberly.hopkins@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | ) |
| Plaintiff, | ) CR 11-1013-TUC-RCC(HCE) |
| v. | ) MOTION TO RECONSIDER |
| | ) ORDER REGARDING BRADY |
| **Ghermon Lateke Tucker, et al.** | ) DISCLOSURE |
| Defendants. | ) |

Plaintiff, United States of America, by its attorneys, JOHN S. LEONARDO, United States Attorney and JAMES T. LACEY and KIMBERLY E. HOPKINS, Assistant United States Attorneys, hereby files a Motion to Reconsider Order (Doc. 799) in the above captioned matter.

On July 27, 2012, the Court issued an order in response to the motions and arguments presented by counsel at the Motions Hearing on July 23, 2012. In the Order, the Court granted the defendant's Motion for Disclosure of Brady Material (Doc. 786). The defendant's motion requests standard *Brady* material, however, the motion also includes information that the defendants are not entitled to under *Brady*. The government submits that it should not be obligated to disclose the following, as listed in the defendant's Motion: (1) Names of all cases in which the informant has worked on behalf of the government, case

numbers, and the date of the cases; (3) copies of all the tax returns filed by the informant since he began working as an informant for the government listing the money he has been paid by the government; and (6) copy of the birth certificate of the informant.

**Disclosure of all cases in which the Informant has worked**

The government is not obligated to disclose the names of all cases in which the informant has worked on behalf of the government. *See United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). Evidence is material for *Brady* purposes only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different. *United States v. Manning*, 56 F.3d 1188, 1197-98 (9th Cir. 1995). The government is well aware of its *Brady* disclosure obligations, and will provide defense counsel with any impeachment related information regarding the informant's work as a confidential source seven days prior to trial. However, *Brady* does not require, and the defendants have not articulated a justification for, the disclosure of information pertaining to *all* cases on which the informant has worked. *Abonce-Barrera*, 257 F.3d at 969 (concluding that defendant's statement that a list of all cases on which informant had worked might have been useful was insufficient to establish that list was material and thus subject to disclosure pursuant to government's *Brady* disclosure obligations); *United States v. Cutler*, 806 F.2d 933, 935 (9th Cir. 1986) (holding that additional detailed information about a previous unrelated investigation involving an informant could be withheld after balancing the government's interest in insuring the informant's safety); *United States v. Flores*, 540 F.2d 432, 437-438 (9th Cir. 1976) (concluding a request to disclose the names and numbers of the prior cases in which the informant had testified on behalf of the government was not material based on only "a hunch" that the informant may have tampered with evidence in other cases). Furthermore, an order requiring that the government disclose all cases in which the informant has worked on, has the potential impact of compromising pending investigations, and may create a credible threat of harm to the informant and the informant's family.

It should be noted that the government will be providing defense counsel the date the informant began working for the F.B.I., and the total amount of money that the informant has been paid for all the cases he has worked on, including the amounts paid for the case before this court.

The defendants' request for the names of all the cases the informant worked on, the case numbers, and dates of the cases, should be denied.

**Disclosure of Informant's Tax Returns**

The court should deny the defendants' request for disclosure of the informant's tax returns. As a general rule, tax return information of individuals is confidential and may not be disclosed by the Internal Revenue Service. 26 U.S.C. § 6103(a). There is an exception for the disclosure of returns for use in criminal investigations.

> (A) In general.--Except as provided in paragraph (6), any return or return information with respect to any specified taxable period or periods shall, pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate under subparagraph (B), be open (but only to the extent necessary as provided in such order) to inspection by, or disclosure to, officers and employees of any Federal agency who are personally and directly engaged in–
>
> > (I) preparation for any judicial or administrative proceeding pertaining to the enforcement of a specifically designated Federal criminal statute (not involving tax administration) to which the United States or such agency is or may be a party,

26 U.S.C.A. § 6103(i)(1)(A) (2010). Specifically, taxpayer return information can be disclosed if it's probative of a relevant issue:

> (A) Returns and taxpayer return information.--Except as provided in subparagraph (C), any return or taxpayer return information obtained under paragraph (1) or (7)(C) may be disclosed in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture (not involving tax administration) to which the United States or a Federal agency is a party--
>
> > (i) if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party.

26 U.S.C.A. § 6103(i)(4)(A) (2010).  Tax returns do not enjoy an absolute privilege from discovery; nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

In the present case, the informant's tax return information is not probative of a matter in issue or relevant in establishing the commission of a crime or the guilt of the defendants.  26 U.S.C.A. § 6103(i)(4)(A)(i); *see also United States v. Holler*, 411 F.3d 1061 (9th Cir. 2005), *holding modified by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007) (holding that District Court's error, if any, in failing to enforce its order to produce confidential informant's tax records was harmless, in light of other impeaching evidence introduced regarding the confidential informant and the substantial evidence against defendant, including photographs of him testing cocaine, recordings of purchase negotiations, and the payment of over $350,000 towards the purchase of cocaine).

Accordingly, the defendants are not entitled to the informant's tax returns.  The materials that the defendants are entitled to under the federal rules will be provided seven days prior to trial.  The defendants' request should be denied.

**Disclosure of Informant's Birth Certificate**

The court should deny the defendants' request for disclosure of a copy of the informant's birth certificate.  The informant's citizenship is not at issue and the defendants have not provided a justification for the disclosure of the birth certificate under *Brady*.  The government concedes the defendant was born in Mexico and obtained United States citizenship as an adult.  Additionally, the defense questioned the informant as to his citizenship during the Evidentiary Hearing on March 26, 2012.  (Transcript at 174.)  The

defense is free to cross-examine the informant further regarding his citizenship at trial.

The defendant's request for disclosure of the informant's birth certificate should be denied.

Respectfully submitted this 31st day of July 2012.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/ Kimberly E. Hopkins*

JAMES T. LACEY
KIMBERLY E. HOPKINS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 31st day of July, 2012, to:

Dan Cooper, Esq.
Bradley J. Armstrong, Esq.
Stephen J. Young, Esq.