DAN H. COOPER, BAR NO. 004900
Attorney for Defendant
136 W. Simpson Street
Tucson, AZ 85701
(520) 770-1414
dcooper@cooperudall.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR-11-1013-TUC-RCC-HCE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MOTION TO DISCLOSE |
| | ) | BRADY MATERIAL |
| GHERMON LATEKE TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to *Brady v. Maryland*, 373 U.S. 83(1963) Ghermon Tucker moves this court to order the government to disclose exculpatory evidence regarding the Confidential Human Source (CHS) in the above-captioned matter.

This court has previously ruled that the government must disclose documentation regarding the arrest of the CHS in Albuquerque, New Mexico, while he was working for the DEA. The government disclosed a report authored by agent Jarrell Perry who described the CHS, on a train, caught with significant amount of marijuana, and being taken to the police station to be booked. The arrest was due to a phone call from, ironically, a confidential source. The report also describes the incipient efforts by the CHS to extricate himself from the problem, to use his status as an informant, to make excuses. However, the government has not disclosed subsequent or follow up reports detailing how or why the CHS was allowed to leave New Mexico with no charges, who

1

made the decision, why the decision was made, and what, if anything, was told to the CHS about his behavior. Clearly the arrest of a working government informant with fifty pounds of marijuana, delivering that marijuana from Portland, Oregon to Philadelphia, is a significant event even to the jaded eyes of the DEA. Information as to what happened to the case against the CHS is clearly *Brady* material as it was as beneficial to him as the $200,000 he has been paid by various governmental agencies for his work. A subsequent report, written by a DEA agent in Oregon, was disclosed saying only that the ERO (apparently Eugene RO) plans to keep using the CHS "in defendant CS status" and that the filing of charges is being delayed pending cooperation. Nothing has been disclosed about why the charges were then not filed.

All documentation, in any form, regarding the arrest, decision not to prosecute, reasons not to prosecute, and consequences to the CHS, must be disclosed. It is respectfully requested that this court order such disclosure.

Respectfully submitted this  6th  day of August, 2012.

By  s/ *Dan H. Cooper*
Dan H. Cooper