1    IN THE UNITED STATES DISTRICT COURT

2              DISTRICT OF ARIZONA

3  UNITED STATES OF AMERICA

4  vs.                              CR-11-1013-TUC-RCC

5  GHERMON LATEKE TUCKER, et al.,

6
                  Defendants.
7  _____

8                                   August 22, 2012
                                    Tucson, Arizona
9

10

11

12

13                  JURY TRIAL

14                  DAY ELEVEN

15     BEFORE THE HONORABLE RANER C. COLLINS
              UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22  Court Reporter:        Erica R. Grund, RDR, CRR
                           Official Court Reporter
23                         405 W. Congress Street
                           Tucson, Arizona 85701
24

25     Proceedings prepared by computerized realtime
                   translation

```
 1              A P P E A R A N C E S

 2

 3  For the Government:    James T. Lacey
                           Kimberly E. Hopkins
 4                         Assistant U.S. Attorneys

 5

 6  For Ghermon Tucker:    Dan Cooper
                           Cooper & Udall PC
 7

 8

 9  For Jerome Ranger:     Stephen Jonathan Young
                           Williamson & Young
10

11

12  For Ja'Cory Ranger:    Bradley James Armstrong
                           Armstrong Law Office
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    P R O C E E D I N G S

2         THE COURT:  Show the absence of the jury,

3    presence of all counsel and the defendants.

4         The jurors have asked two questions.  The

5    first question reads, "Please provide a copy of

6    Section 841 of Title 21 of United States Code and

7    841(A) and 846 of Title 21 and Section 924(C)."

8         My response to that is going to be:  You

9    already have what you need from those portions of

10   the code in your instructions.

11        The second question was, "The fourth

12   paragraph," talking about conspiracy instruction,

13   "'Third, one of the members,', does 'members' refer

14   to the defendants or any member of the conspiracy?

15        What do you think the answer should be,

16   Mr. Lacey and Ms. Hopkins?

17        MR. LACEY:  I know what the answer should

18   be.  Members of a conspiracy are all persons, not

19   just named defendants, but all persons who were

20   part of the group of criminal associates.  That's

21   the law.

22        THE COURT:  Mr. Cooper?

23        MR. COOPER:  I think it should be the same

24   as the first question.  They have all the

25   instructions, including the answer to that

1   question.

2          MR. LACEY:  I don't think that's the case.

3          MR. ARMSTRONG:  I agree.  I agree that

4   they've been instructed, and I don't think they're

5   entitled to any further instruction on that issue.

6          THE COURT:  Mr. Young?

7          MR. YOUNG:  I'm with Mr. Cooper and

8   Mr. Armstrong, Your Honor.

9          THE COURT:  You're mumbling.

10         MR. YOUNG:  I'm sorry.  I'm with

11  Mr. Cooper and Mr. Armstrong, Your Honor.

12         THE COURT:  The instruction that they're

13  referring to reads, "One of the members of the

14  conspiracy performed at least one overt act for the

15  purpose of carrying out the conspiracy, with all of

16  you agreeing on the particular overt act that you

17  find was committed."  That seems to be what they're

18  talking about.

19         Mr. Lacey?

20         MR. LACEY:  Your Honor, yes.

21         THE COURT:  Yes?

22         MR. LACEY:  Yes.  I'm responding to your

23  question.

24         THE COURT:  Okay.

25         MR. LACEY:  The law is clear.  Any member

1    of a conspiracy is accountable for everyone that's

2    in the conspiracy, and we have not just the named

3    defendants, but all the Mexican parties that were

4    part of the conspiracy.  Any one of them could have

5    done the overt act as well, and the jury

6    instructions really don't make that clear, and I

7    think that we have an obligation to help them

8    pursue the facts of this case based upon the law

9    and clarifying it when there is a question such as

10   this that, obviously, is elementary to us but not

11   to them.

12         And I think it's incumbent upon the Court

13   and counsel to let that happen, to educate the jury

14   a little further, because it's not addressed in the

15   jury instructions.

16         THE COURT:  My proposed answer is going to

17   be:  "Members" means anyone who you determine to be

18   a member of the conspiracy proven beyond a

19   reasonable doubt.

20         And so that they can read what I'm saying,

21   I'll have Mo write it because my writing is

22   horrible.

23         So are you typing it?

24         THE CLERK:  Uh-huh.

25         (Off the record.)

1    THE COURT:  So that the record is clear,

2 show that each of the defense counsel, Mr. Young,

3 Mr. Armstrong, Mr. Cooper, objects to the Court

4 defining the word "member" for them.

5    (Off the record.)

6    THE COURT:  "For Counts 3 and 4, the

7 guidance says, 'Second, the defendant knowingly

8 possessed one Ruger model P95 nine caliber pistol,

9 SN 317-318591; Taurus,' et cetera.

10    "Does this imply the defendant was aware

11 of every gun listed or at least one of the guns

12 listed?"

13    Mr. Young, what do you think I should say?

14    MR. YOUNG:  I think it was covered

15 adequately in the instructions, Your Honor.

16    MR. ARMSTRONG:  I agree.

17    MR. COOPER:  I agree.

18    MR. LACEY:  Your Honor, perhaps -- the

19 last sentence of the instruction addresses that

20 issue.

21    THE COURT:  I know it does.

22    MR. LACEY:  And so perhaps just direct

23 them back to the instruction again, if you want to

24 be generic.  Otherwise, if you want to be more

25 specific, direct them to the last sentence.

1    THE COURT:  I'm going to say, please refer

2 back to the instructions.

3    MR. LACEY:  Okay.

4    THE COURT:  And once again, I'll have Mo

5 write it so that they can read it.

6    When she goes back, I've asked her to

7 inquire also what time they want to come back

8 tomorrow.

9    Show that Mr. Cooper may not be able to

10 come forthwith if he's summoned, and if he can't,

11 Mr. Armstrong will cover for him, and that's with

12 Mr. Tucker's permission.

13    THE CLERK:  9:15.

14    THE COURT:  9:15.  Come back tomorrow at

15 9:15.

16    Tell them to come back tomorrow.

17    (Proceedings concluded in this matter.)

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I, Erica R. Grund, do hereby certify that
I took the machine shorthand notes in the foregoing
matter; that the same was transcribed via computer-
aided transcription; that the preceding pages of
typewritten matter are a true, correct, and
complete transcription of those proceedings
ordered, to the best of my skill and ability.

Dated this 2nd day of January, 2013.


                                    s/Erica R. Grund
                              Erica R. Grund, RDR, CRR
                              Official Court Reporter