

**U.S. Department of Justice**
United States Attorney
District of Arizona

United States District Courthouse  Telephone: (520) 620-7300
405 West Congress Street, Suite 4800  Fax: (520) 620-7320
Tucson, Arizona 85701-5040

May 26, 2016

The Honorable Raner C. Collins
United States District Court
405 W. Congress
Tucson, Arizona 85701

```
                 ✓ FILED      ____ LODGED
                 ____ RECEIVED ____ COPY

                    JUN 2 2016

                 CLERK U S DISTRICT COURT
                  DISTRICT OF ARIZONA
              BY _____ DEPUTY
```

Re:  *United States v. Tucker*,
     D.Ct.No. ~~CR-01313-TUC-RCC~~
     CR11-01013-7-TUC-RCC(BGm)

Dear Judge Collins:

On May 19, 2016, this Court contacted the government to advise that it had received a letter from the defendant, Mr. Ghermon Tucker. This Court asked for the government's position on the defendant's disclosure request. In that undated letter, the defendant states that he would like a "copy of [his] discovery" to review in preparation of filing a "2255 motion." The government objects to the defendant's request.

Unlike the usual civil litigant, a habeas petitioner is not entitled to broad discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (addressing the substantially similar Rule 6(a) of the Rules Governing Section 2254 proceedings). *See also Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) ("[T]here is simply no federal right, constitutional or otherwise, to discovery in habeas proceedings . . . ."). However, "[a] judge *may*, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law." *Rule 6(a) of Rules Governing Section 2255 Proceedings (2255 Rules)*, as cited in *United States v. Swisher*, 272 F.R.D. 553, 555 (D. Idaho 2011) (emphasis added). Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908–09.

Rule 6 requires that the party seeking leave of court provide reasons for the request together with any proposed document requests. *2255 Rule 6(b)*. Doing so "enables the Court to evaluate whether the discovery would lend support to adequately articulated claims involving specific factual allegations." *Swisher, supra*. Discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Calderon v. U.S. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citations omitted). *See also United States v. Finkel*, 165 Fed. Appx. 531 (9th Cir. 2006). Indeed, rather than facilitating a fishing expedition, "[h]abeas is an important

1

safeguard whose goal is to correct real and obvious wrongs." *Rich v. Calderon,* 187 F.3d 1064, 1067 (9th Cir. 1999).

The defendant's letter fails to show the required "good cause" to merit discovery. He has made no specific factual claims, much less demonstrated "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy,* 520 U.S. at 908–09. As he notes, he possesses the "motion hearings, pre-sentencing report, trial transcripts, sentencing transcripts, and direct appeal briefs." In addition, he was present at trial and throughout the case, he heard the evidence, and he would have access to any publicly-filed district court or appellate pleadings. He does not explain how what he possesses is inadequate to file his motion. He admits he wants a copy of the discovery to "look over my entire case file." As noted above, however, discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Calderon,* 98 F.3d at 1106.

Mr. Buchella correctly declined to provide a copy of the government's disclosure to the defendant. Not only is a criminal defendant ordinarily precluded from possessing a copy of government disclosure provided to defense counsel under the office's disclosure agreement, but as Mr. Buchella accurately observed, there was a confidential informant in this case. Thus, there are identification and safety concerns. As this Court may recall, the defendant was part of a drug rip-off crew that planned to conduct an armed invasion of a Tucson stash house to steal cocaine. Loaded firearms, bulletproof vests, and gloves were found in the vehicle the defendant occupied with other conspirators when he was arrested. There were serious witness security concerns in this case. In short, the defendant has failed to show he is legally entitled to the discovery in this case, and there are good reasons to preclude him from obtaining a copy. For the foregoing reasons, this Court should deny his request.

        Sincerely,

        JOHN S. LEONARDO
        United States Attorney
        District of Arizona

        s/ *Michael R. Lizano*
        s/ *Christina M. Cabanillas*

        Michael R. Lizano
        Christina M. Cabanillas
        Attorneys for Plaintiff

cc: Ghermon Tucker
Reg. No. 15306-196
F.C.I. Phoenix
37910 N. 45th Ave.
Phoenix, Az. 85086