WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.CR-11-01013-007-TUC-RCC (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Ghermon Lateke Tucker, | |
| Defendant. | |

Pending before the Court Ghermon Lateke Tucker's Motion Requesting Compassionate Release. (Doc. 1296.)¹ The Court will grant the motion.

*Standard of Review*

Tucker's instant motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute allows the court to modify a sentence "upon motion of the Director of the Bureau of Prisons," or upon a defendant's motion after he or she has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission explains:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the

---

¹ Prior to appointment of counsel, Tucker filed a pro se motion for compassionate release. (Doc. 1291.) Because "[a]n amended motion supersedes an original motion" and "after amendment, the Court [treats] an original motion as nonexistent," the Court will deny the pro se motion as moot. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. 1B1.13 (2018). However, even if a defendant is eligible, a court has discretion to deny compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Mangarella*, No. 06-CR-151, 2020 WL 1291835, at *2–*3 (W.D.N.C. Mar. 16, 2020).

*Administrative Exhaustion*

A court may only reduce a term of imprisonment upon a motion for compassionate release if the defendant first exhausts his administrative remedies or at least thirty days lapse from the date the defendant requests that the warden file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A).

In his reply, Tucker included his May 27, 2020 request for compassionate release and the Warden's June 11, 2020 denial. (Doc. 1300 at 10–18.) Thirty days have lapsed from the date of his request; therefore, Tucker has demonstrated exhaustion.

*§3553(a) Factors*

After exhaustion, courts must consider the factors outlined in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. 1B1.13. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the

Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Tucker was one of several co-defendants who were charged with conspiracy to possess with intent to distribute cocaine and firearm possession during a drug trafficking offense. The Presentence Report (PSR) explains a few co-defendants organized a drug heist of a stash house. Tucker was present for one of the planning meetings in which another co-defendant discussed kidnapping the stash house supplier. However, the PSR does not provide any information suggesting Tucker was an active participant in this discussion. Tucker was then arrested in a vehicle occupied by two other defendants and, unfortunately for him, three handguns. Most of the co-defendants signed plea agreements; Tucker went to trial. The co-defendants' sentences ranged from probation to twelve years in prison. Tucker was found guilty of Count 1: Conspiracy to Possess with Intent to Distribute approximately 65 kilograms of Cocaine, in violation of 21 U.S.C. §846; and Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. §924(c)(1)(A)(i) & 2(a). The Court sentenced Tucker to two mandatory minimums: ten years for the cocaine offense and five years for the firearm offense. By statute, the sentences had to run consecutively. His projected release is December 11, 2023. Although his sentence was mandated, it does not truly reflect his degree of involvement in the crime in comparison to his co-defendants. What it does is reveal is a disparity between similarly situated defendants.

Nor does the large quantity of drugs and a proposed kidnapping signify the nature and circumstances of the offense. The heist was arranged by a confidential source, and so the quantity of cocaine and the existence of a supplier were both fallacies. The PSR recognizes that "the guideline computations are based primarily on large quantities of cocaine and methamphetamine, none of which ever existed. In planning the ruse, Tucker had no input on the drug amounts." (PSR at ¶80.) In addition, because the stash house supplier was fabricated, there is no true victim in this case.

*Extraordinary and Compelling Circumstances*

A court's reduction of a sentence under the compassionate release statute is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). Although not foreseen, the "mere existence" of Covid-19 alone is not enough to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."). Moreover, reducing a sentence because of medical issues is "a rare event." *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *2 (D. Ariz. June 27, 2019) (quoting *White v. United States*, 378 F. Supp. 3d 784, 786 (W.D. Mo. 2019).

The U.S. Sentencing Commission explains that "extraordinary and compelling" reasons may exist if the defendant is suffering from a terminal illness or from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A). Alternatively, "extraordinary and compelling" reasons may exist if the defendant is at least 65 years old, experiences "serious deterioration in physical or mental health" caused by the aging process and has served at least 10 years or 75% of his sentence. U.S.S.G. § 1B1.13, cmt. 1(B). Moreover, there is a catchall provision allowing an extraordinary or compelling reason other than, or in combination with, the reasons stated above. U.S.S.G. § 1B1.13 cmt. 1(D).

Tucker has provided documentation showing he has asthma, breathing difficulties, and a ventricular septal defect. In addition, Tucker has provided some evidence that the BOP has not provided him with necessary medical care to control his ailments, requiring him to administratively appeal to procure an inhaler.

When considering compassionate release for Covid-19 health conditions, "what matters is that Defendant's medical condition places him on the CDC's list of people at increased risk of severe illness from COVID-19——a list which courts around the country have used as a guidepost for determining whether extraordinary and compelling reasons exist in COVID-19 compassionate release cases." *United States v. Henderson*, No. 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020) (citing *United States v. Dent*, No. 18-20483, 2020 WL 4783921, at *3 (E.D. Mich. Aug. 17, 2020)). According to the Center for Disease Control, asthma is a factor that may increase a person's risk for developing severe complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (mixed evidence of increased risk for asthma) (last visited Feb. 3, 2021).

The Court finds that Tucker's asthma and breathing abnormalities are serious, chronic physical conditions for which he is unlikely to recover, and in conjunction with the Covid-19 pandemic, qualify as "extraordinary" and "compelling" circumstances that could not have been foreseen at the time of sentencing.

*Danger to the Community*

A defendant bears the burden of demonstrating that he poses no danger to the community upon release. *See* USSG § 1B1.13; 18 U.S.C. § 3142(g). The undersigned cannot conclude that Tucker is more dangerous to the community than any of his co-defendants, most of whom have likely already completed their term of incarceration. In addition, probation has conducted a home study and states Tucker may reside with his mother upon release.

Accordingly,

IT IS ORDERED Ghermon Lateke Tucker's Motion Requesting Compassionate Release is GRANTED. (Doc. 1296.)

IT IS FURTHER ORDERED Tucker pro se motion for compassionate release is DENIED AS MOOT. (Doc. 1291.)

IT IS FURTHER ORDERED pursuant to 18 U.S.C. § 3582(c)(1)(A), Tucker's sentence of ten (10) years for Count 1 and five (5) years for Count 3 of the indictment (Doc. 981) is reduced to time served effective February 4, 2021.

IT IS FURTHER ORDERED that before being released from the custody of the Federal Bureau of Prisons (BOP), the defendant shall submit to a health screening by BOP and, if the defendant is found to be exhibiting symptoms consistent with COVID-19 or he is confirmed to have COVID-19, the defendant shall not be released to the public absent further order of the Court.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3582(c)(1)(A), which states the Court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment," that Tucker's sentence of imprisonment shall be followed by a term of five (5) years' supervised release. The terms of such supervised release shall be the same as the terms of supervised release specified in the November 2, 2012 judgment and commitment order (Doc. 981), with certain exceptions:

1. The following General Order shall apply: General Order 17-18.
2. During the period of supervised release, the defendant shall comply with national, state, and local public-health orders regarding Covid-19.
3. Tucker must report to the probation office within 72 hours of release.

IT IS FURTHER ORDERED this Order is stayed for up to fourteen days, for the verification of Tucker's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Tucker's safe release. Tucker shall be released as soon as a residence is verified, a release plan established, appropriate travel arrangements are made, and it is safe for Tucker to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and to ensure Tucker's safe release, the parties shall

immediately notify the Court and show cause why the stay should be extended.

IT IS FURTHER ORDERED the Clerk of Court shall send a copy of this Order to United States Probation Officer Ashley Bixler.

Dated this 4th day of February, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge

cc: FCI-Phoenix/Defense Counsel/Probation/USMS